13-3841-cv
*Yonkers Central Ave. v. NY Fuel Distributors*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand fourteen.

PRESENT:

    RALPH K. WINTER,
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

YONKERS CENTRAL AVE. SNACK MART, INC.,
        *Plaintiff-Counter-Defendant-Appellant,*

CROTON FALLS GAS MART, INC., TUCKAHOE
ROAD SNACK MART, INC., RT. 1 PORT CHESTER
SNACK MART, INC., BUCHANAN FOOD & GAS,
INC., SOUTH BROADWAY SNACK MART, INC.,
202 GAS MART, INC., CROTON GAS MART, INC.,
        *Plaintiffs-Counter-Defendants,*

    -v.-                                    No. 13-3841-cv

NY FUEL DISTRIBUTORS, LLC, METRO NY DEALER
STATIONS, LLC,
        *Defendants-Counter-Claimants-Third-Party Plaintiffs-Cross-*
        *Defendants-Appellees,*

SAMMY EL JAMAL,
        *Third-Party Defendant-Cross Claimant-Counter-Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                                     JOHN J. MORGAN, Barr & Morgan, Stamford, CT.

FOR APPELLEE:                                       JONATHAN D. KRAUT, Neil Torczyner, Harfenist Kraut & Perlstein LLP, Purchase, NY.

Appeal from the October 3, 2013 order of the United States District Court for the Southern District of New York (Warren W. Eginton, Judge of the United States District Court for the District of Connecticut, sitting by designation) denying a preliminary injunction.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the October 3, 2013 order of the District Court is **AFFIRMED**.

Appellant Yonkers Central Ave. Snack Mart ("Yonkers") appeals from the District Court's order denying its request for an injunction barring termination of its agreement with NY Fuel Distributors, LLC ("NYFD"). The primary issue in this case is whether, under 15 U.S.C. § 2801 *et seq.* ("Petroleum Marketing Practices Act" or "PMPA"), NYFD can terminate its agreement with Yonkers after Yonkers fell into arrears. We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

We review a district court's denial of a preliminary injunction for abuse of discretion. *See Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009). A district court abuses its discretion when its decision rests on legal error or a clearly erroneous factual finding, or when its decision cannot be located within the range of permissible decisions. *Id.* In reviewing an order denying injunctive relief under the PMPA, we examine questions of law *de novo* and questions of fact for clear error. *Joseph v. Sasafrasnet, LLC*, 689 F.3d 683, 689 (7th Cir. 2012).

Under the PMPA, a court "shall" grant a preliminary injunction if a franchisee shows: (1) "the franchise of which he is a party has been terminated," 15 U.S.C. § 2805(b)(2)(A)(i); (2) "there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation," § 2805(b)(2)(A)(ii); and (3) "the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted." § 2805(b)(2)(B). On appeal, Yonkers claims that the District Court failed to properly apply the PMPA.

2

Upon review of the record and the relevant case law, we conclude that the District Court did not abuse its discretion. "[Failure] by the franchisee to pay to the franchisor in a timely manner when due all sums to which the franchisor is legally entitled" is an enumerated ground for termination. 15 U.S.C. § 2802(c)(8). There is no dispute that Yonkers' payments to NYFD were in arrears and so, pursuant to the PMPA and the contract between the parties, NYFD was entitled to terminate the relationship.

Appellant's arguments to the contrary are unavailing. We do not require a district court to make a "reasonableness" finding before a franchisor terminates a contract under 15 U.S.C. § 2802(c). *See Russo v. Texaco, Inc.*, 808 F.2d 221, 225 (2d Cir. 1986) (finding that Section 2802(c) provides grounds for termination that are "conclusively presumed to be reasonable as a matter of law"). Nor have we required district judges to make explicit findings regarding whether a payment was "timely" or whether an occurrence constituted a "failure." The District Court also acted within its discretion in rejecting the appellant's claims that the notice of termination was untimely, that there was sufficient evidence of a contract modification with regard to "late payment," that the NYFD's demand letter created an opportunity for Yonkers to cure, and that common law accord and satisfaction was established in this case.

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. Accordingly, the appeal from the October 3, 2013 order of the District Court denying a preliminary injunction is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3